IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO.: 1:24-CV-85 |
| | § | |
| RICHARD ROUNDTREE, | § | |
| JOHNNY MASON ATKINSON, | § | |
| AUSTIN KEITH BIRCH, | § | |
| JOHN WESLEY WHITAKER, | § | |
| MELISSA L. MORELLO, | § | |
| DANIEL D'VERSA, | § | |
| DANTAVION JONES, | § | |
| | § | |
| Defendants. | § | |
| | § | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, JAMARIUS M. WALKER, by and through the undersigned counsel, and hereby files this complaint and shows the court the following:

**Introduction**

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution and Art. I, Sec I, Paragraph XVIII of the Constitution of the State of Georgia arising from the unlawful torture of the plaintiff.

2. As a direct result and the deliberately indifferent actions of the defendants, plaintiff was tortured. This torture happened while plaintiff was an inmate in confinement at the Richmond County Jail and at the hands of defendants, all of whom are Richmond County

Sheriff Deputies. At no time before, during, or after the torture did the plaintiff pose a risk to the safety of the defendants.

## Jurisdiction and Venue

3. Jurisdiction and venue is proper in this court as all parties are believed to reside in Richmond County, State of Georgia.

## Parties

4. Plaintiff is currently residing in Richmond County, State of Georgia, and submits the jurisdiction and venue of this court.

5. The first defendant is the duly elected Sheriff of Richmond County, State of Georgia, and is a resident of Richmond County, State of Georgia, and is subject to the jurisdiction and venue of this court.

6. The second defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia .

7. The third defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia.

8. The fourth defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia.

9. The fifth defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia.

10. The sixth defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia.

11. The seventh defendant, at all times relevant to this action, was employed as a Sheriff's deputy at the Richmond County Sheriff's Office in Richmond County, State of Georgia, and based on information and belief, resides in Richmond County, State of Georgia.

## Jury Trial Demand

12. Plaintiff hereby demands a trial by jury on each of the causes of action pleaded herein.

## Facts Relevant to All Counts

13. At all times relevant to this complaint, the defendant was, and at the time of filing this complaint, still is, an inmate in the Richmond County Jail.

14. On or about May 7, 2022, the second through seventh defendants, acting in their roles as deputies of the Richmond County Sheriff's Office, were on the premises of the Richmond County Jail, located at 1941 Phinizy Rd, Augusta, GA 30906.

15. The second through seventh defendants were responding to a call from other deputies to assist with inmates.

16. When the second though seventh defendants arrived at the cell block where the plaintiff was located, the plaintiff was laying on the ground on the second floor of the cell block, along with the other inmates of the cell block, with their heads down and their hands behind their backs.

17. Despite the plaintiff and other inmates already laying face down with their hands behind their backs in a submissive position, the second through seventh defendants ordered the

plaintiff and other inmates to get down and put their hands behind their backs. The deputies proceeded to handcuff the plaintiff and other inmates.

18. The second through seventh defendants then began to pick up the plaintiff and other inmates and take them down the stairs to the lower level of the cell block.

19. When the plaintiff and other inmates reached the lower level, the second though seventh defendants pushed the inmates to lay face down, on the floor. However, the floor was flooded, and laying face down on said floor made it almost impossible to breath, but nevertheless, the plaintiff and other inmates complied.

20. The second through seventh defendants then begin to physically abuse the plaintiff by striking him and holding him down unnecessarily in the water.

21. It is clear from the video of the incident that behavior of the second through seventh defendants is one of policy of the Richmond County Sheriff's Office.

22. Based on information and belief, plaintiff exhausted his administrative remedies.

COUNT I- VIOLATIONS OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSITUTION

23. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

24. Defendants actions constitute cruel and unusual punishment upon the plaintiff, direct violation of the eighth and fourteenth amendment right not to be subject to cruel and unusual punishment.

25. At all times relevant to this action, the law was established with obvious clarity that the actions of the defendant constituted a violation of the plaintiff's eighth amendment right not to be subject to cruel and unusual punishment.

26. The defendants did not act in good faith with the intent to restore order, as it is clear from the facts above and the video of the event, order was already established at the time the defendants engaged in torture of the plaintiff.

27. The defendants acted maliciously and sadistically with the intent to cause pain.

28. The defendants did in fact directly and proximately cause the plaintiff damages.

COUNT 2 – VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSITUTION

29. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

30. Defendants maliciously, intentionally and with deliberate indifference deprived plaintiff of his fourth and fourteenth amendment rights including the prohibition against unreasonable search and seizure and use of excessive force as described in the preceding paragraphs.

31. The defendants did not act in good faith with the intent to restore order, as it is clear from the facts above and the video of the event, order was already established at the time the defendants engaged in excessive use of force upon the plaintiff.

32. The defendants acted maliciously and sadistically with the intent to cause pain.

33. The defendants did in fact directly and proximately cause the plaintiff damages.

## COUNT 3 – VIOLATIONS OF ART. I, SEC I, PARAGRAPH XVIII OF THE CONSTITUTION OF THE STATE OF GEORGIA

34. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

35. Defendants' actions constitute cruel and unusual punishment upon the plaintiff, direct violation of the plaintiff's right not to be subject to cruel and unusual punishment pursuant to Art. I, Sec I, Paragraph XVIII of the Constitution of the State of Georgia.

36. The defendants did not act in good faith with the intent to restore order, as it is clear from the facts above and the video of the event, order was already established at the time the defendants engaged in torture of the plaintiff.

37. The defendants acted maliciously and sadistically with the intent to cause pain.

38. The defendants did in fact directly and proximately cause the plaintiff damages.

## COUNT 4 – VIOLATIONS OF ART. I, SEC I, PARAGRAPH XIII OF THE CONSTITUTION OF THE STATE OF GEORGIA

39. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

40. Defendants' actions constitute excessive force upon the plaintiff, direct violation of the plaintiff's right not to be subject to unreasonable seizure pursuant to Art. I, Sec I, Paragraph XIII of the Constitution of the State of Georgia.

41. The defendants did not act in good faith with the intent to restore order, as it is clear from the facts above and the video of the event, order was already established at the time the defendants engaged in the use of excessive force upon the plaintiff.

42. The defendants acted maliciously and sadistically with the intent to cause pain.

43. The defendants did in fact directly and proximately cause the plaintiff damages.

COUNT 5 – VICARIOUS LIABILITY

44. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

45. Defendants have a persistent and widespread practice of allowing excessive force and deprivation of rights incidents, failing to properly train and supervise officers, and being deliberately indifferent to the needs of its citizens, thereby allowing the deprivation of rights as described above.

46. The following incidents are examples of the defendants persistent and widespread practice of allowing the beating of inmates:

    a. On or about February 23, 2023, deputies Gerardo Sanchez Jr. and Joshua Jackson beat an inmate without cause;

    b. On or about October 18, 2022 deputy Ty Bailey beat an inmate without cause;

    c. On or about May 7, 2022 Defendant Atkinson beat an inmate without cause;

    d. On or about April 27, 2022, the defendants beat not only the plaintiff Naytrone Adams, two other inmates, on Jamarious Walker, and Brandon Jones without cause;

    e. On or about February 3, 2022 deputy Richard Parker beat an inmate without cause;

    f. Of or about July 9, 2021, deputy Amanda Donald beat an inmate without cause;

    g. On or about February 7, 2020 Brandon Keathley beat an inmate without cause;

47. In addition to the above examples, the plaintiff understands that each of these incidents, defendant Roundtree was aware and condoned the beatings of the inmates.

48. Furthermore, based on information or belief, it would be impossible for defendant Roundtree not to be aware of these beatings, as the communication used to alert deputies to an incident does in fact got to defendant Roundtree as well as his immediate subordinates.

49. Arrests have only been made in 2 of the 10 incidents listed in paragraph 53.

50. When questioned by the press about the multiple beatings of inmates, defendant Roundtree stated "we do have a problem." Interview with Sheriff Roundtree The Augusta Press, "Roundtree: deputy assault of inmate is "wake up call" Susan McCord March 1, 2023.

51. Defendant Roundtree went on to state "we're looking into any gaps in training" Id.

52. As a result of this conduct, plaintiff has suffered damages as described in count 5 of this complaint.

## COUNT 6 – STATE LAW CLAIMS

53. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

54. The defendants are subject to state law claims pursuant to the Georgia Tort Claims Act and based on information and belief plaintiff has complied with the necessary prerequires that statute requires.

55. Defendants were negligent and violated state common law by allowing police officers to use excessive force on plaintiff.

56. Defendants engaged in using excessive force upon the plaintiff

57. As a direct and proximate result of defendant's conduct, plaintiff suffered damages, and plaintiff is entitled to an award damages as outlined in count 5 of this complaint.

## COUNT 7 - DAMAGES

58. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated.

59. As a direct, proximate, and actual cause of the defendants' actions, plaintiff suffered damages in the forms of pain and suffering, and mental anguish from the fear of imminent death at the hands of defendants.

60. As a direct, proximate, and actual cause of the defendants' actions, plaintiff will continue to suffer damages in the form of pain and suffering, mental anguish from the torture.

## COUNT 8 – PUNITIVE DAMAGES

61. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated herein.

62. Defendants, in their individual capacity, knowingly, maliciously and intentionally injured plaintiff and have acted with a willful, wanton and reckless disregard of plaintiff's rights.

63. As a result of defendants' malicious, reckless and intentional conduct, plaintiff is entitled to a punitive damages award against defendants in their individual capacity.

## COUNT 9 – ATTORNEYS FEES

64. The allegations contained in the preceding paragraphs are hereby incorporated by reference as if fully restated herein.

65. Pursuant to 42 U.S.C. § 1988 and state law, plaintiff is entitled to an award of reasonable attorneys' fees and costs of litigation.

WHEREFORE, plaintiff prays that he have a trial on all issues and judgment against defendant as follows:

(a) That plaintiff recover the full value of past and future medical expenses and in an amount to be proven at trial;

(b) That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

This 24TH DAY OF JUNE, 2024.

Joseph T. Rhodes Law Firm  /s/ Joseph Rhodes
3540 Wheeler Road Ste. 402  Joseph Rhodes
Augusta, GA 30909  Georgia Bar No.: 309847
706-496-1616  Attorney for Plaintiff
joe@jrhodeslawfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NAYTRONE ADAMS, | § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CASE NO.: 1:24-CV-87 |
| RICHARD ROUNDTREE,<br>JOHNNY MASON ATKINSON,<br>AUSTIN KEITH BIRCH,<br>JOHN WESLEY WHITAKER,<br>MELISSA L. MORELLO,<br>DANIEL D'VERSA,<br>DANTAVION JONES, | | |
| Defendants. | | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and accurate copy of the foregoing entry of appearance upon counsel for the defendants via electronic file and serve function of the efile system of the United States District Court, Southern District of Georgia to:

Tameka Haynes, ESQ.
Randolph Frails, ESQ.
FRAILS & WILSON, LLC
211 Pleasant Home Rd, Ste. A1
Augusta, GA 30907

This 24TH DAY OF JUNE, 2024.

| | |
|---|---|
| Joseph T. Rhodes Law Firm<br>3540 Wheeler Road Ste. 402<br>Augusta, GA 30909<br>706-496-1616<br>joe@jrhodeslawfirm.com | /s/ Joseph Rhodes<br>Joseph Rhodes<br>Georgia Bar No.: 309847<br>Attorney for Plaintiff |